UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Jeremy Kirkwood,

    Plaintiff,

v.

D2 Management LLC; and DOES 1-10, inclusive,

    Defendants.

Civil Action No.: 2:15-cv-01484

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiff, Jeremy Kirkwood, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jeremy Kirkwood ("Plaintiff"), is an adult individual residing in Milwaukee, Wisconsin, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

5. Defendant D2 Management LLC ("D2"), is a South Carolina business entity with an address of 35 Hospital Center Common, Suite 200, Hilton Head Island, South Carolina 29926, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by D2 and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. D2 at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to D2 for collection, or D2 was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. D2 Engages in Harassment and Abusive Tactics

12. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. On or about August 27, 2015, D2 placed a call to Plaintiff's place of employment, and left a message with Plaintiff's manager.

14. On the same day, Plaintiff returned D2's call. During its conversation with Plaintiff, D2 threatened to garnish Plaintiff's wages if he did not agree to pay D2 $250 by the end of that week.

15. D2 additionally told Plaintiff that it can "garnish [Plaintiff's] wages immediately."

16. To date, D2 has not taken any legal action against Plaintiff in an attempt to collect the Debt.

17. Upon information and belief, D2 does not intend on taking steps towards garnishing Plaintiff's wages.

18. Further, D2 withdrew funds from Plaintiff's bank account without his authorization.

19. D2 repeatedly emailed Plaintiff a letter in which it "agreed to tender a settlement offer of $250.00" and asked Plaintiff to authorize it to withdraw monthly payments from Plaintiff's bank account in the amount of $15.00.

20. D2 emailed Plaintiff the above-described settlement offer on August 28, 2015, August 30, 2015, September 1, 2015, September 3, 2015, September 5, 2015, September 7, 2015.

21. In each email to Plaintiff, D2 asked Plaintiff to electronically sign its proposed settlement agreement.

22. Plaintiff never electronically signed D2's proposed settlement agreement.

23. Nevertheless, D2 withdrew $15.00 from Plaintiff's bank account on September 28, 2015.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action, without actually intending to do so.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

4

# COUNT II

## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

35. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

36. Defendants debited Plaintiff's bank account on September 28, 2015, using "preauthorized electronic fund transfers" as defined in 15 U.S.C § 1693a(10).

37. Defendants violated 15 U.S.C. § 1693a(12), which prohibits "unauthorized electronic fund transfer," by debiting Plaintiff's bank account without Plaintiff's actual authorization and without providing Plaintiff any benefit.

38. Defendants violated 15 U.S.C. § 1693e(a) in that Defendants executed a preauthorized electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

39. Defendants violated 15 U.S.C. § 1693e(a) in that Defendants failed to provide Plaintiff a copy of Plaintiff's written authorization to conduct a preauthorized electronic fund transfer from Plaintiff's account.

40. Defendants violated 15 U.S.C. § 1693e(b) in that Defendants failed to provide reasonable advance notice to Plaintiff of the amount to be transferred that varies in amount from the previous preauthorized transfer, and the scheduled date of the transfer.

41. Defendants further failed to comply with the EFTA in that, insofar as Defendants purport to obtain consumer consent through telephonic tape-recording or electronic means, Defendants failed to comply with the requirements of the Electronic Signatures In Global And

National Commerce Act, 15 U.S.C. § 7001 et seq., because Defendants did not obtain from Plaintiff valid "electronic signature" within the meaning of 15 U.S.C. § 7006(5), Defendants did not obtain valid consent from Plaintiff to provide electronic copies to them of their purported authorizations, and Defendants did not provide to Plaintiff any copies of their purported authorizations, including in electronic form or otherwise.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the EFTA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A) against the Defendants;

3. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against the Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1693m(a)(3) against the Defendants; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 13, 2015

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq.. #15052-49
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff